Opinion issued August 26, 2008












In The

Court of Appeals

For The

First District of Texas


____________


NO. 01-06-00576-CR 

____________



MANUEL VICTORIA, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 179th District Court 

 Harris County, Texas

Trial Court Cause No. 1028993






MEMORANDUM OPINION

 Appellant Manuel Victoria, pleaded guilty to aggravated assault without an
agreed recommendation as to punishment with the State. After a pre-sentence
investigation hearing, the trial court assessed punishment at a fine of $10,000 and
confinement for 20 years. We affirm.

 Appellant's counsel on appeal has filed a brief stating that the record presents
no reversible error, that the appeal is without merit and is frivolous, and that the
appeal must be dismissed or affirmed. See Anders v. California, 386 U.S. 738, 87
S.Ct. 1396, (1967). The brief meets the requirements of Anders by presenting a
professional evaluation of the record and detailing why there are no arguable grounds
for reversal. Id. at 744, 87 S.Ct. at 1400; see also High v. State, 573 S.W.2d 807, 810
(Tex. Crim. App.1978). 

 Counsel represents that he has served a copy of the brief on appellant. Counsel
also advised appellant of his right to examine the appellate record and file a pro se
brief. See Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). More than
30 days have passed, and appellant has not filed a pro se brief. Having reviewed the
record and counsel's brief, we agree that the appeal is frivolous and without merit and
that there is no reversible error. See Bledsoe v. State, 178 S.W.3d 824, 826-27(Tex.
Crim. App. 2005). 


 We affirm the judgment of the trial court and grant counsel's motion to
withdraw. (1) 

PER CURIAM


Panel consists of Chief Justice Radack, and Justices Keyes and Higley. 

Do not publish. Tex. R. App. P. 47.2(b).









 
1. Appointed counsel still has a duty to inform appellant of the result of this appeal and
that she may, on her own, pursue discretionary review in the Texas Court of Criminal
Appeals. See Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).